THOMAS MORTON v. STATE.

No. A-4166.   Opinion Filed Dec. 22, 1923.
(220 Pac. 976.)

(Syllabus.)

1.   **Evidence—Evidence of Accomplice Sufficiently Corroborated.**
The record examined, and held, that the testimony of the alleged accomplice is amply corroborated.

2.   **New Trial—Newly Discovered Evidence Insufficient.** Motion for new trial on grounds of newly discovered evidence held properly overruled.

Appeal from County Court, Logan County; A. H. Boles, Judge.

Thomas Morton was convicted of manufacturing intoxicating liquor, and he appeals.   Affirmed.

B. F. Garrett, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J.   Thomas Morton, plaintiff in error, here designated the defendant, was, by information filed September 28, 1921, in the county court of Logan county charged with the unlawful manufacturing of intoxicating liquor.   At the trial, October 13, 1921, by verdict of a jury the defendant was found guilty as charged, and his punishment assessed at a fine of $500 and 4 months' imprisonment in the county jail. From the judgment on this verdict, he appeals.

The evidence in this case discloses that Charles Swanson, a deputy sheriff, in company with the county attorney and Ed Robertson, another deputy sheriff, went to the house occupied by the defendant and a man named Whittle in the outskirts of Guthrie, armed with a search warrant, for the purpose of searching the place; that in the execution of this search warrant they found a still in operation, a quantity of mash and some whisky in process of distillation—all of which

was seized and introduced in evidence at the trial. The defendant was apparently in charge of the still, and when apprehended said: "You have caught me right in the act; I wouldn't have had this happen for a thousand dollars." The facts as above outlined appear in the testimony of all three of the witnesses named.

Defendant, through his counsel, claims that this conviction should be set aside because—First. The proof, as he alleges, was insufficient to show that the liquor seized was whisky or intoxicating liquor. Second. Because the proof is not clear that the still and liquor belonged to the defendant, or that the still was being operated by him. Third. That the conviction was predicated in part upon the testimony of one Whittle, an accomplice, and that the testimony of this accomplice was not sufficiently corroborated. Fourth. That the court erred in overruling defendant's motion for a new trial on the grounds of newly discovered evidence, the purport of which was that the still seized belonged to Whittle.

Without going into explanatory details, the court has carefully examined each of the propositions urged, and finds that the record does not support any of them. In our judgment the evidence is amply sufficient, independent of the testimony of the accomplice. The newly discovered evidence, if produced, would not exonerate the defendant.

Finding no prejudicial error in the record, the judgment of the court below is affirmed.

MATSON, P. J., and DOYLE, J., concur.